# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* AUSTIN MATSON, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

                Petitioner-Appellant,

v

AUSTIN MATSON,

                Respondent-Appellee.

UNPUBLISHED
October 24, 2017

No. 332780
Oakland Circuit Court
Family Division
LC No. 2015-833608-DL

---

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*).

I concur with the majority's holding that the family court did not abuse its discretion in declining to waive jurisdiction under MCL 712A.4. I do not agree with all of the majority's reasoning, nor am I as sanguine as the majority that respondent "is already on the road to remedying the cause of his offense" given the lack of any court-ordered punishment or rehabilitative programming. With that said, based on this evidentiary record and under the law as it is currently written, I cannot conclude that the family court clearly erred in its factual findings or abused its discretion in applying those facts to the law. I write separately to highlight that, in my opinion, the law as-written is in need of revision by the Legislature.

Respondent confessed that when he was 16 years old, he sexually assaulted his twin step-sisters, toddlers at the time, on multiple occasions over a year. These sexual acts involving minors were not of the "Romeo and Juliet" variety, but were of a more heinous variety because (a) the victims were respondent's siblings, (b) the victims were extremely young and vulnerable, and (c) respondent was old enough to know better. The assaults did not involve penetration, but it is hard to imagine a more troubling example of sexual assault where penetration is not present.

Had charges been brought when respondent was still a minor, the family court would have had jurisdiction over him and some punishment and programming would have been available to impose on him. But, it is understandable that such charges were not brought then—the prosecution was not aware of the assaults because the sisters were, after all, toddlers at the time and no one apparently knew about the assaults until the sisters told their father years later.

-1-

(The very fact that the sisters recalled the assaults after several years unfortunately suggests that they may continue to suffer long-term adverse effects from respondent's acts.)

Because charges were brought when respondent was an adult, but he committed the criminal acts as a minor, the charges had to be filed in or transferred to the family court under MCL 712A.3(1). To waive the family court's jurisdiction and have the charges moved to the criminal division of the circuit court, the prosecution had to establish by a preponderance of the evidence that such waiver was in the best interests of respondent and the public. MCL 712A.4(4). Given the lack of evidence offered by the prosecution as well as the witnesses who testified on behalf of respondent, the family court made factual findings that cannot be considered clearly erroneous on appeal, thus leaving respondent in family court—but not really, because the family court does not, by statute, have jurisdiction over adults except in limited circumstances not relevant here. MCL 712A.5.

Thus, we are left with the rather perverse result of the family court concluding that, under MCL 712A.4, it cannot transfer the sexual-assault case to the criminal division, but acknowledging that, under MCL 712A.5, it does not have jurisdiction over the case because respondent is now an adult. In effect, under the law respondent is above the law. This may be the statutorily required result, but it is hardly a just one.

The statutory language is clear, and as judges we are bound under separation-of-power principles to follow the Legislature's language except in the rare case that such language violates the federal or state constitution. I believe, however, that this case illustrates an unintended consequence of the otherwise laudable reforms found in Michigan's Juvenile Code. Accordingly, the Legislature may wish to consider either expanding the family court's jurisdiction to handle cases like this, adding CSC-2 to the list of crimes for which waiver of jurisdiction to the criminal division is automatic, or addressing this type of circumstance in some other way.

Accordingly, I concur only with the majority's holding.


/s/ Brock A. Swartzle